NOTICE
Decision filed 03/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250976-U

NO. 5-25-0976

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-167 |
| | ) | |
| ALEXSIS E. JAMES, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOLLINGER delivered the judgment of the court.
Presiding Justice Cates and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the circuit court's orders granting the State's motion to revoke defendant's pretrial release and denying defendant's motion for relief where the record contained convincing evidence that no conditions of release would reasonably ensure defendant's appearance at future hearings or prevent him from being charged with subsequent felonies or Class A misdemeanors.

¶ 2   Defendant, Alexsis E. James, appeals orders of the Jefferson County circuit court granting the State's motion to revoke pretrial release and denying his subsequent motion for relief. We affirm.

¶ 3                     I. BACKGROUND

¶ 4   On August 6, 2025, defendant was charged by information with two counts of aggravated driving under the influence (DUI), Class 2 felonies, and one count of aggravated fleeing or attempting to elude a police officer, a Class 4 felony. 625 ILCS 5/11-501(d)(2)(B), 11-

1

501(d)(1)(G), 11-204.1(a)(1) (West 2024). A true bill of indictment was returned on these charges on August 22, 2025.

¶ 5     Defendant's first appearance in the trial court occurred on October 1, 2025, and he was released with pretrial conditions the same day. Defendant's conditions of pretrial release included, among other things, that he not violate any criminal statute in any jurisdiction, not possess or consume any alcohol or drugs, and submit to random drug and alcohol testing.

¶ 6     On November 24, 2025, the State filed a petition to revoke pretrial release. The petition alleged that on November 22, 2025, while on pretrial release, defendant committed the offense of aggravated battery in that defendant "spat in the face" of the victim, and that "no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor."[1]

¶ 7     The matter proceeded to a hearing on the petition to revoke pretrial release on November 25, 2025. The State asked the circuit court to take judicial notice of the pretrial release conditions, specifically that defendant not consume or possess any alcohol or drugs, and not commit any further criminal activity.

¶ 8     The State proceeded by proffer, stating that Officers Chris West and Taylor Rodriguez with the Mount Vernon Police Department (MVPD), as well as Alexis Meyer, Camden Beckley, Kristin Kislewski, and Addison Johnson, would testify to the facts. On November 22, 2025, the MVPD officers responded to the location of a public bar in Mount Vernon, Illinois, where they made contact with the bartender, Alexis Meyer. Meyer told the officers that she did not allow two

---

[1]During the hearing on November 25, 2025, the State added, by interlineation, the case number of the new offense, which was Jefferson County case No. 25-CF-285.

individuals, defendant and Jesse Johnson, to enter the bar. In response, defendant spat on Meyer. Three witnesses confirmed that the defendant spat on Meyer, and then he left the scene.

¶ 9    The MVPD officers then made contact with defendant at a Mount Vernon, Illinois, residence. Defendant denied having spat on Meyer. He stated that he had been home for over two hours. Officer Rodriguez obtained a surveillance video from the bar and provided it to Officer West. Witnesses told MVPD officers that defendant had appeared "quite intoxicated," which was part of the reason he was not allowed into the bar. The video obtained by Officer Rodriguez was shown to the circuit court with no objection.[2]

¶ 10    Next, the State provided a factual basis for the underlying charges in Jefferson County case No. 25-CF-167. Corporal Pendley of the MVPD observed a vehicle driving 20 miles per hour over the speed limit. When the officer attempted to initiate a traffic stop, the vehicle fled at a rate of speed so high that "Corporal Pendley called off the pursuit because it would have presented a danger to the community at that time." Defendant was later arrested by another officer who had joined in the pursuit. On October 1, 2025, as a result of the foregoing offenses, the trial court entered an order of conditions of pretrial release.

¶ 11    Turning to the argument as to why defendant's pretrial release should be revoked, the State noted that defendant had already violated two terms of his pretrial release conditions, as defendant was not to possess or consume alcohol or commit any new offenses. The State argued that "no condition or combination of conditions of release would reasonably insure or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." The State also asserted that defendant was currently "on parole out of this county for a Class 3 [felony], 2022 manufacturing or delivery of cannabis as well as a separate 2023 aggravated fleeing or eluding an

_____

[2]The surveillance video is not contained within the record on appeal.

3

officer by disobeying two traffic control devices." The State further provided defendant's additional criminal history, which included theft, resisting arrest, obstruction of identification, battery, and driving under the influence. The State argued that based on his extensive criminal history and the new offenses committed while already on pretrial release with conditions, there was no set of conditions that would keep defendant from committing a subsequent felony or Class A misdemeanor, and that his pretrial release should be revoked.

¶ 12 Defense counsel proceeded by proffer, stating that defendant lived in Mount Vernon, Illinois, at the time of his arrest and resided with his mother and grandmother. He was 30 years old and attended college. He obtained certificates as a legal assistant and a certified audio engineer. Defendant had resided in Jefferson County for more than 12 years and had significant family ties to the area. He was not on probation at the time of his arrest and only had one reported failure to appear. He had been involved in alcohol and drug treatment, and was scheduled for an intake appointment the following month. Defendant had five children and was a "very active father" but did not reside with the children.

¶ 13 Defense counsel stated that defendant had serious alcohol-related issues and mental health needs, but had "never been offered any treatment, monitoring, or structured conditions" as an alternative to incarceration or detention. Defense counsel said that treatment was a more appropriate response than detention, and defendant could live with his family, who would provide "transportation, supervision, and enforcement—strict enforcement of all rules." Defense counsel asked that defendant be released under alcohol monitoring, home detention, mandatory outpatient treatment, drug, alcohol, and anger management, no alcohol, and frequent check-ins with pretrial services as conditions for his release that would mitigate any risk.

4

¶ 14 Defense counsel also argued that in the video of the altercation, "the victim pushed defendant before anything else happened," and he reported that "he was pushed twice and received a scratch on his arm." With regard to the allegation that defendant was intoxicated, defense counsel argued, it was "just opinion that he was intoxicated" and no evidence was presented in support of that opinion. Further, there were no injuries. As such, defense counsel asked for defendant's release with conditions.

¶ 15 The State responded, stating that regarding defendant's claim of mental health and drug issues, he reported to pretrial services that he did not have a history of drug abuse or any present mental health issues. The aggravated DUI was based on the presence of hydrocodone in his system at the time of his arrest. The State said that while there may be no injuries to the bartender, "I can't think of anything more vile than being spat on." Further, defendant did not take ownership or responsibility for his conduct; he was charged with aggravated fleeing and eluding; and he previously was in prison for the same charges because he would not take responsibility for his actions. The State argued that defendant "would do and say anything to get out of trouble" and the factors he mentioned, his five children and college, were not enough "motivation" to keep him out of trouble. Defendant was on mandatory supervised release (MSR) from the Illinois Department of Corrections when he received an aggravated DUI, and while on pretrial release for the aggravated DUI, defendant violated the pretrial conditions by committing an aggravated battery while trying to enter a bar where witnesses reported he appeared to be intoxicated. The State argued that no set of conditions would prevent defendant from committing a new offense, as he had not complied with MSR or pretrial release conditions.

¶ 16 Defendant spoke to the circuit court on his own behalf, stating that before the events depicted on the video, he was trying to get Johnson to leave the bar when defendant was then

5

pushed twice. He stated he was actively seeking drug treatment and wanted to do better through college and taking his treatment seriously. Defendant stated that he was struggling with mental health and drug problems since being released from prison and sought help after being released on conditions. Defendant asked the circuit court to recommend drug treatment for him to be rehabilitated.

¶ 17    The circuit court considered the information proffered by the State and defendant. During the circuit court's oral pronouncement, defendant was "removed forcibly by officers" with "some struggle that involved that he was resisting them" due to interrupting the circuit court and being instructed to remain quiet. The circuit court granted the State's petition to revoke the pretrial release. A written order was entered the same day, finding that no condition or combination of conditions of release would reasonably ensure defendant appears for later hearings and prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 18    Defense counsel filed a motion for relief and immediate release on November 26, 2025. The motion stated that the circuit court erred in granting the petition to revoke because the State failed to meet its burden of proof. The motion stated that the circuit court failed to consider the following facts: defendant's ties to the community, his willingness to abide by any terms of pretrial release, his educational opportunities, his medical needs, that no weapon was used in the commission of the offense, that no person was injured, and the provocation by the alleged victim.

¶ 19    The matter proceeded to a hearing on the motion on December 2, 2025. Defense counsel proceeded by proffer, stating the same factual information that was provided during the November 25, 2025, hearing. Defense counsel said that in the video that was shown previously, it "clearly depicts the bartender Alexis Meyer placing her hands on [defendant] first." Defense counsel stated that this provocation was not acknowledged by the State or circuit court during the original hearing

and it was "central" to understanding defendant's reaction. Defense counsel asserted that the State misrepresented the video evidence, claiming that defendant caused a scene in confronting patrons when it was Johnson who caused the disturbance. Defense counsel argued that defendant was not the aggressor, and the State did not present the full video of the confrontation. Defense counsel said that defendant's behavior must be evaluated with "context."

¶ 20 Defense counsel asserted that defendant had factors in mitigation, namely that he was enrolled in college, was engaged in an outpatient evaluation, had five children who depended on him, had significant medical issues that required treatment, and that his mother permanently moved to the area to provide support. Defense counsel argued that the circuit court failed to fully consider his ties to the community, willingness to abide by any terms of pretrial release, educational opportunities, medical needs, that no weapons were used in the offense, no injuries occurred, and the alleged provocation by the victim. Defense counsel asked for defendant to be released on conditions.

¶ 21 The State responded, stating that at the time of the offense, defendant was on MSR for similar behavior and on pretrial release, and one of his conditions on release was that he not possess or consume alcohol. Defendant was seen at a bar despite the condition prohibiting his consumption of alcohol, and he spat in the bartender's face "so forcibly that it [blew] her hair back." The State argued that there were not any conditions to prevent further offenses because defendant was already on pretrial conditions and MSR when he went to the bar then spat in the bartender's face. The State further argued that no ties to the community or any conditions would ensure defendant would not continue criminal behavior or that he would appear in court. The State asked for the motion for relief to be denied.

¶ 22   Defense counsel responded, stating that conditions would be acceptable for his release as he could reside with his mother and grandmother. Defense counsel argued that defendant was in recovery, not a danger to anyone, and that home confinement with electronic monitoring would mitigate risk. Defense counsel asked that defendant be released.

¶ 23   The circuit court considered the factors presented, specifically defendant's behavior while on pretrial release and MSR, his outburst during the prior hearing, and his criminal history. The circuit court also considered defendant's ties to the community, his family, that no weapons were used in the offense, and his education. The circuit court denied the motion and ordered defendant to remain detained. The defendant appealed pursuant to Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Apr. 15, 2024).

¶ 24                                    II. ANALYSIS

¶ 25   On appeal, defendant filed a notice in lieu of memorandum. As such, his motion for relief serves as his argument on appeal. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).

¶ 26   All criminal defendants are presumptively eligible for pretrial release, even those charged with violent offenses. *People v. Lopez*, 2025 IL App (2d) 240709, ¶ 20; see also 725 ILCS 5/110-2(a) (West 2024). Pretrial release may only be denied "in certain statutorily limited situations." *Lopez*, 2025 IL App (2d) 240709, ¶ 15 (citing 725 ILCS 5/110-6.1(e) (West 2022)). The circuit court may deny pretrial release if the State proves by clear and convincing evidence that (1) the proof is evident or the presumption great that defendant committed a detainable offense, (2) defendant poses either a flight risk or a real and present threat to the safety of any person or the community, and (3) conditions of pretrial release would not prevent defendant's willful flight from prosecution and/or mitigate the threat. *People v. Horne*, 2023 IL App (2d) 230382, ¶ 16.

¶ 27 After a defendant has been granted pretrial release, the circuit court may revoke release if defendant is charged with a felony or a Class A misdemeanor based on conduct alleged to have occurred while defendant was on pretrial release. *People v. Davis*, 2024 IL App (5th) 240120, ¶ 14 (citing 725 ILCS 5/110-6(a) (West 2022)). Although the court may consider revocation of release either *sua sponte* or upon verified petition filed by the State, the court must hold a hearing at which the State bears the burden of proving by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure that defendant will appear for future hearings and/or will not commit subsequent felonies or Class A misdemeanors. *Id.* (citing 725 ILCS 5/110-6(a) (West 2022)).

¶ 28 Our standard of review on appeal depends on the nature of the evidence presented at the hearing. Where the parties present the testimony of live witnesses, we review the circuit court's decision to determine whether it is against the manifest weight of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 54. However, where the parties proceed by proffer, as they did in this case, the appellate court "stands in the same position as the circuit court and may therefore conduct its own independent review of the proffered evidence and evidence otherwise documentary in nature." *Id.* ¶ 51. Our review is thus *de novo*. *Id.* ¶ 54; see also *People v. Rios*, 2025 IL App (1st) 250950, ¶ 25 (applying this standard of review to an appeal from a decision to revoke pretrial release). This means we conduct the same analysis the circuit court would conduct, and we are not bound by its findings. *Lopez*, 2025 IL App (2d) 240709, ¶ 18.

¶ 29 Here, the evidence showed that defendant was charged with a Class 3 felony, aggravated battery in a public place, while on pretrial release in this case. In addition to pretrial release, defendant's pretrial investigation report showed that he was on MSR for three cases. The State provided a summary of defendant's criminal history which showed multiple felonies and

misdemeanors, including resisting a peace officer, battery and aggravated battery, aggravated fleeing, and felony possession of a firearm. Defendant served multiple sentences of incarceration. In the present case, defendant's pretrial conditions included a condition that he not consume or possess alcohol, and the new charge of aggravated battery occurred at a bar with defendant spitting in the face of the bartender. Witnesses reported that defendant appeared intoxicated during the altercation as well. Based on these facts, we agree with the circuit court that no condition or combination of conditions of release would reasonably prevent defendant from committing additional felonies or Class A misdemeanors.

¶ 30                                    III. CONCLUSION

¶ 31    For the foregoing reasons, we affirm the orders of the circuit court revoking defendant's pretrial release and denying his motion for relief.

¶ 32    Affirmed.